IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

ROBERT E. FOX,

    Plaintiff,

v.

R. JAMES NICHOLSON, Secretary of
Veterans Affairs,

    Defendant.

Case No. CIV-07-242-RAW

**ORDER & OPINION**

This matter came on for hearing on April 22, 2010 on Defendant's motion for summary judgment [Docket No. 35]. The court previously granted the motion in its entirety. Plaintiff appealed the order granting summary judgment and the judgment against Plaintiff. The Tenth Circuit then issued its Decision, affirming this court's judgment as to the retaliation claims (Claims 2 - 6), and vacating the portion of this court's order dismissing the disability discrimination claim (Claim 1).

The Tenth Circuit held that this court applied an incorrect legal standard to the disability discrimination claim and directed the court to apply the three-prong analysis found in <u>Woodman v. Runyon</u>, 132 F.3d 1330, 1338 (10th Cir. 1997)[1]. The Tenth Circuit also directed this court to make

---

[1] The court notes that during all stages of the briefing on the motion for summary judgment, Plaintiff argued profusely that <u>Woodman</u> did not apply. In his sur-reply, he stated that Defendant's reliance on <u>Woodman</u> was "<u>completely</u> misplaced." Plaintiff argued that his first claim was a "disparate treatment" claim and that the tripartite burden-shifting test set forth in <u>McDonnell Douglas v. Green</u>, 411 U.S. 792 (1973) and the three-prong test set forth in <u>Trujillo v. Colorado</u>, 157 F.3d 1211, 1215 (10th Cir. 1998) applied. The court, allowing Plaintiff to frame his own claim, agreed with Plaintiff that his first claim was one of "disparate treatment"

evidentiary rulings and explain what evidence it is and is not considering.

The primary purpose of the hearing was to sift through, with the parties, the statements of fact as supplied by both the Defendant in the motion and by the Plaintiff in his response to the motion and the objections to exhibits. The court ruled on the admissibility for purposes of the summary judgment motion of each of the statements of fact and the accompanying exhibits; the court hereby incorporates those rulings in this Order & Opinion. Of course, for purposes of the summary judgment motion, the court views the facts in the light most favorable to Plaintiff. See Fed. R. Civ. P. 56(c).

As the Tenth Circuit has held, the McDonnell Douglas burden-shifting framework applies to ADA claims. Johnson v. Weld County, Colorado, 594 F.3d 1202, 1217 (10th Cir. 2010).

> Accordingly, the plaintiff must first establish a prima facie case of discrimination, showing a genuine issue of material fact exists on each of three points: "(1) [he] is a disabled person as defined by the ADA; (2) [he] is qualified, with or without reasonable accommodation, to perform the essential functions of the job held or desired; and (3) [his] employer discriminated against [him] because of [his] disability."

Id. (citation omitted). This is the test utilized in Woodman.

> If the plaintiff establishes a prima facie case, "the burden shifts to the defendant to offer a legitimate nondiscriminatory reason for its employment decision. Should the defendant articulate a nondiscriminatory reason, the burden shifts back to plaintiff to show a genuine issue of material fact as to whether defendant's reason for the discharge is pretextual."

Id. (citation omitted). First then, the court must decide if Plaintiff has established a prima facie case of discrimination by showing that a genuine issue of material fact exists on each of the three points.

---

and applied the three-prong analysis he requested as set forth in Anderson v. Clovis Mun. Schools, 265 Fed.Appx. 699, 703 (10th Cir. 2008) (citing Trujillo, 157 F.3d at 1215). Apparently, sometime between this court's ruling and his arguments on appeal, Plaintiff changed his mind about the nature of his first claim and decided that Woodman does apply. The Circuit court agreed, and this court is sanguine on the issue.

2

As to the first prong, "[t]he ADA defines a 'disability' as either '(A) a physical or mental impairment that substantially limits one or more of the major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment.'" Id. at 1218 (citing 42 U.S.C. § 12101(2)). The court has previously held and again held at the hearing that Plaintiff has showed that a genuine issue of material fact exists as to the first prong.

To meet the second prong, Plaintiff must show that a genuine issue of material fact exists regarding whether he is qualified to perform the essential functions of the job held or desired. Plaintiff brought this claim based on his argument that he was entitled to a new job description and a pay raise. According to Plaintiff, the new job description would merely reflect the job he was already doing. Plaintiff argued and Defendant conceded at the hearing that there is no dispute as to this second prong of the test. The court, therefore, agrees that Plaintiff has satisfied the second prong.[2]

As to the third prong, Plaintiff must show that a genuine issue of material fact exists with regard to whether Defendant discriminated against him because of his disability. Plaintiff certainly raised genuine issues of material fact with regard to: (1) whether Plaintiff's supervisors were aware of his disability; (2) whether they discriminated against him; and (3) whether, if they did discriminate against him, they did so because of his disability. Accordingly, the court finds that Plaintiff has established a *prima facie* case of discrimination.

---

[2]The court, however, was somewhat surprised that Defendant did not raise any argument as to this prong. Given the statements of fact considered by the court, it was fairly clear that Plaintiff and his supervisor, Daniels, did not agree on his job description. If he was, in fact, pursuing a promotion rather than a more accurate job description, given the fact that by Plaintiff's own account, he required substantial assistance to perform his current job functions, it seems at least a reasonable question arises, if not a highly persuasive argument, as to whether he would be qualified to perform the essential job functions of the promotion he sought.

The burden then shifts to Defendant to articulate a legitimate nondiscriminatory reason for failing to get him the new job description and pay raise to which he alleged he was entitled. Defendant provided evidence that Plaintiff's supervisor, Daniels, was attempting to accommodate Plaintiff's requests, but that given her own time limitations in completing her other job tasks, she did the best she could, but was unable to accommodate his requests in a timely manner.

Daniels was Plaintiff's supervisor and chief of HR. Defendant has articulated a legitimate nondiscriminatory reason for Daniels' behavior. Defendant does not, however, address the alleged failure of Smiley or Haynes. In 2003, Smiley became Plaintiff's direct supervisor and Haynes became the chief of HR.

Plaintiff has failed to prove by a preponderance of the evidence that Defendant's legitimate nondiscriminatory reasons as to Daniels are a pretext for unlawful discrimination. Nevertheless, Defendant failed to provide legitimate nondiscriminatory reasons as to the alleged failures of Smiley and Haynes. Accordingly, Defendant did not meet its burden.

The court, therefore, hereby DENIES the summary judgment motion [Docket No. 35] as to Plaintiff's first claim.

IT IS SO ORDERED this 29th day of April, 2010.

*Ronald A. White*
Ronald A. White
United States District Judge
Eastern District of Oklahoma